# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOANN and MICHAEL COOLBAUGH,** | : | |
| Plaintiffs, | : | No. 3:03cv1157 |
| | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **STEPHANIE and MARION INSABELLA,** | : | |
| Defendants | : | |

## MEMORANDUM

Before the court for disposition is Plaintiffs' Appeal of the Clerk of Courts' Decision on Plaintiff's Amended Bill of Costs. This matter has been briefed fully and is ripe for disposition. For the reasons that follow, we will deny the appeal.

**Background**

On November 17, 2004, following a civil jury trial, this court entered judgment for plaintiffs and against defendants in the amount of $7,500.00. Plaintiffs filed a bill of costs seeking to be reimbursed by the defendants for Clerk's fees, deposition costs, witness fees/mileage and copying.

The Clerk taxed costs in favor of plaintiffs but only in the amount of $949.87, more than a thousand dollars less than plaintiffs had sought. The Clerk refused to award several costs claimed by plaintiffs. First, the Clerk rejected plaintiff's claim of $580.00 for videotaped deposition of a witness because according to Local Rule 54.4(3), such a cost cannot be taxed without prior court approval. Next, the Clerk reduced a $98.86 claim for a witness's travel expenses to $75.00, since witness travel may be taxed only up to a

1

200-mile round-trip maximum. Finally, she stripped nearly all taxation of plaintiffs' copying costs due to insufficient identification of documents and their purposes. The only exception was $172.27, which the Clerk taxed for photocopying plaintiffs' medical records.

Plaintiffs' Appeal seeks an additional $1,056.88, which would bring the total taxation of costs to $2,006.55. Plaintiffs assert that the Clerk of Courts erred in excluding the following from the taxation of costs: 1) $580.00 for videotaping the deposition of a witness, Dr. Horchos; 2) $425.80 for making 2129 copies of documents filed with the court and for trial; and 3) $50.88 for enlargement of a trial exhibit. We will address these issues *in seriatim*.

**Discussion**

"Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ." FED. R. CIV. P. 54(d)(1). In hearing an appeal of an award of costs, we employ a *de novo* standard of review over an "essentially ministerial task" of the Clerk of Courts. In re Paoli R.R. Yard PCB, 221 F.3d 449 (3d Cir. 2000). The party appealing the Clerk's decision bears the burden of "persuading the court that it was improper." 10 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL RULES OF PRACTICE AND PROCEDURE § 2679 (3d ed. 2005).

   **1. Videotape deposition**

First, the plaintiffs allege that they are entitled to be reimbursed by the defendants for the cost of videotaping the deposition of Dr. Horchos for use at trial. They argue such taxation is acceptable if the videotaping is necessary for the case and if they also do not request taxation for stenographer's transcripts of the deposition. Plaintiffs cite FED. R. CIV. P. 30(b) and Herbst v. General Accident Ins. Co., Civ. No.

2

97-8085, 2000 U.S. Dist. LEXIS 11952, *5-6 (E.D. Pa. Aug. 21, 2000) for this assertion.

The Clerk of Courts denied this request as the expenses incurred in videotaping depositions may not be taxed without prior court approval. In support of her position, the Clerk of Courts cited Local Rule (L.R.) 54.4. After a careful review, we are in agreement with the Clerk of Courts.

The Middle District of Pennsylvania Rules of Court provide as follows: "Fees for videotaped depositions may not be taxed without prior court approval." L.R. 54.4(3). Plaintiffs have not provided us any authority to the contrary. Rather, their position is that the court did provide prior court approval by allowing plaintiffs to present Dr. Horchos testimony via videotape. Plaintiffs have provided no legal support for finding a nexus between allowing a party to present videotape testimony and granting a party approval for taxing the cost of a videotape deposition. Logically, the two matters simply are not equivalent. Accordingly, the plaintiffs' position is rejected.

In the alternative, the plaintiffs seek to recover the cost of the written transcript of Dr. Horchos testimony, $115.20. The law allows for the taxation of "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2). We will deny plaintiffs' claim on this issue. Plaintiffs have not established that such a transcript was necessary considering the fact that the witness's testimony was presented to the jury via videotape and that the stenographic transcript itself was never used.

**2. Copying charges**

Plaintiffs next appeal the Clerk's refusal to tax an additional $425.80 for copying which they assert was necessary for their case, regardless of whether the copies ultimately were admitted into the case. The Clerk of Court denied these costs. The Clerk pointed out that taxation of copying costs for exhibits

attached to documents which are required to be filed and served is permitted under L.R. 54.4(5). Expenses related to reproducing motions and other routine case papers are not taxable. The Clerk denied plaintiffs request because it did not sufficiently describe the nature of the copies at issue.

Relying on <u>Montgomery County v. Microvote Corp.</u>, Civ.A. No. 97-6331, 2004 U.S. Dist. LEXIS 8611, (E.D. Pa. May 13, 2004), the plaintiffs assert that copying expenses are recoverable as taxable costs when they are "necessarily obtained for use in the case, whether or not offered into evidence at trial." <u>Montgomery</u>, however, is a case from the Eastern District of Pennsylvania. The Local Rules of the Middle District of Pennsylvania provide that "[t]he cost of an exhibit necessarily attached to a document (or made part of a deposition transcript) required to be filed and served is taxable." L.R. 54.4(5). Plaintiffs have listed the documents at issue in Exhibit G to their appeal. Evidently, the description provided in Exhibit G is the same description that was presented to the Clerk of Courts in the request for taxation of costs. We are in agreement with the Clerk of Courts that it is not possible from the descriptions provided by the plaintiffs to determine if the photocopying at issue is taxable. In fact, it appears that most of the copies at issue are copies made to be sent to the client, to the vocational expert or to opposing counsel during discovery. <u>See</u> Ex. G. These are not documents "necessarily attached to a document (or made part of a deposition transcript) required to be filed and served." <u>See</u> L.R. 54.4(5). Accordingly, plaintiffs' appeal of this issue will be denied.

### 3. Enlargement

Finally, plaintiffs seek taxation of $50.88 for enlargement of a medical time line, which they argue is taxable because it was helpful to a jury presentation. Once again, however, the Local Rule is more stringent than the standard that the plaintiffs would have us apply. The Local Rule provides that: "The cost

4

of maps and charts are taxable if they are admitted into evidence. The cost of photographs 8" by 10" in size or less, are taxable if admitted into evidence, or attached to documents required to be filed and served on opposing counsel. Enlargements greater then [sic] 8" by 10" are not taxable." As the Clerk of Courts has pointed out, the plaintiffs have been deficient in describing the nature of the bill for enlarging trial exhibits with any particularity. Therefore, the costs will not be taxed, and the plaintiffs appeal will be denied.

**Conclusion**

For the foregoing reasons, the plaintiffs' appeal of the Clerk of Courts' taxation of costs will be denied. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOANN and MICHAEL COOLBAUGH,** : | **No. 3:03cv1157** |
| Plaintiffs, : | |
| : | **(Judge Munley)** |
| v. : | |
| : | |
| **STEPHANIE and MARION INSABELLA,** : | |
| Defendants : | |

## ORDER

**AND NOW**, to wit, this 17th day of October 2005, the plaintiffs' appeal of the Clerk of Courts' taxation of costs (Doc. 61) is hereby **DENIED**.

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**